IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                          4:22-CR-00098-BRW

WINSTON DALE CAVE

## ORDER

Pending is Defendant's Motion to Dismiss Indictment (Doc. No. 43). The Prosecution has responded.[1] For the reasons set out below, the motion is DENIED.

## I.   BACKGROUND

On April 5, 2022, Defendant was indicted for being a felon in possession of a firearm.[2] Defendant argues that his felony conviction from Texas would have been a misdemeanor in Arkansas, so he is not actually a felon. His argument is based on the United States Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[3]

## II.  DISCUSSION

The statue under which Defendant is charged – 18 U.S.C. § 922(g)(1) – provides that is is "unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. Defendant admits that he was convicted of such a crime in Texas – which would be "any court" – and he appears to admit that he possessed a firearm on March 14, 2022, since he claims he "waved his firearm (or even

---

[1] Doc. No. 45.

[2] Doc. No. 12.

[3] 142 S. Ct. 2111 (2022).

1

pointed) it at another whom he believed was following him."[4]  There is nothing ambiguous about the statute or the indictment's allegations (and Defendant's apparent admissions).[5]  Even as applied to non-violent felons, based on the "historical record, Congress did not violate [Defendant's] rights by enacting § 922(g)(1)" because Defendant was "not a law-abiding citizen, and history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society."[6]  Additionally, Defendant self-defense claim is unavailing.[7]

## CONCLUSION

For the reasons set out above, Defendant's Motion to Dismiss Indictment (Doc. No. 43) is DENIED.

IT IS SO ORDERED this 4th day of August, 2023.

Billy Roy Wilson  
UNITED STATES DISTRICT JUDGE

---

[4] Doc. No. 43.

[5] *United States v. Smith*, 171 F.3d 617, 620 (8th Cir. 1999) ("In construing a statute, we look first to the plain meaning of the words of the statute.").

[6] *United States v. Jackson*, 69 F.4th 495, 504 (8th Cir. 2023).

[7] See *United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022) (rejecting a defendant's "contention that the location of his firearm in the home for the alleged purpose of self-defense, by itself, makes § 922(g)(1) unconstitutional as applied to him.").